**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4050**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOSEPH LOUIS YOUNG, III,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:07-cr-00113-GRA-1)

———————

Submitted:  August 26, 2008      Decided:  October 14, 2008

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Young, III, appeals from his conviction and 262-month sentence following a guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2000), one count of possession with intent to distribute marijuana and crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000), and one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). Young's counsel filed a brief pursuant to Anders v. California, 286 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Young's guilty plea, and whether Young's sentence is reasonable. In a pro se pleading, Young contends that his conviction violates the Double Jeopardy Clause, that he did not actually enter a guilty plea as to the drug charge, that counsel promised him a lower sentence, and that the court erred in sentencing him as a career offender.[1] For the following reasons, we affirm Young's convictions, but vacate and remand for resentencing.

During Young's plea hearing, the district court properly informed him of the rights he was forfeiting as a result of his

---

[1]We granted Young's May 2008 motion for extension of time to file a pro se supplemental brief, but he did not file a brief within the allotted time. He filed a second motion for extension of time in July 2008, which we denied. However, we have considered the substantive claims raised in the July 2008 motion.

plea and the nature of the charges and penalties he faced, found that Young was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. Therefore, the record establishes Young knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences and there was no error in the district court's acceptance of his plea.

Young also questions the reasonableness of his sentence. Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The appellate court reviews the sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). The court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Id.

Our review of the record reveals that the district court committed procedural error with respect to Young's sentence by apparently treating the Guidelines as mandatory. Although Young's 262-month sentence is below the statutory maximum sentence applicable to his offense and within the applicable guidelines range, the district court appeared to believe it was confined to that range. Specifically, during the sentencing hearing, although the court acknowledged the guidelines were advisory, it also stated:

> You've got three offenses, prior offenses. And the Congress of the United States says if you have three prior offenses, you are a career offender and, therefore, your sentence is - the least amount you can get is 262 months.
>
> . . .
>
> You were caught three times. You've been convicted three times. And being convicted three times, that's all there is to it. Congress says you shall serve a minimum of 262 months to a high of 327 months.
>
> . . .
>
> I'm giving you the least, or intend to give you the least I can under the law. You are a criminal history category of 6, which is a career offender.

Moreover, although the district court stated generally that it considered the § 3553(a) factors, it failed to elaborate on their significance in determining Young's sentence. Accordingly, because the record does not clearly confirm the district court's understanding that it possessed authority to sentence Young below the properly calculated Guidelines range, we conclude that the

district court abused its discretion in imposing the sentence.[2] We accordingly vacate and remand for resentencing.[3]

Turning to the issues Young raises pro se, Young first contends that his current conviction violates the Double Jeopardy Clause because he has already served state time on the drug offense (Count Two). However, the dual sovereignty doctrine permits prosecution by state and federal sovereigns on the same charges. Abbate v. United States, 359 U.S. 187 (1959). He also claims that he did not actually enter a guilty plea as to the drug charge, but that claim is belied by the record. Young also asserts that counsel promised him a lower sentence than he received, but he stated under oath that no one promised him a particular sentence. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Finally, we find no merit to Young's claim that a juvenile offense was wrongly included in determining that he is a career offender; the juvenile offense in question was properly included in his criminal history pursuant to U.S. Sentencing Guidelines Manual § 4A1.2(d)(2)(A) (2006).

---

[2]We note that the district court did not have the benefit of Gall when it imposed sentence. In Gall, the Supreme Court rejected a "rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range," and held that a district court may not accord a presumption of reasonableness to the advisory Guidelines range. Gall, 128 S. Ct. at 595-97.

[3]By this disposition, we indicate no view as to the sentence to be imposed upon Young on remand, leaving that determination in the first instance to the district court.

Pursuant to <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm Young's conviction, but vacate his sentence and remand for resentencing. We grant Young's motions to accept his affidavit and exhibit but deny his motion to reconsider the court's July 24 order. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Young requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Young. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>