**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4133**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOSEPH LOUIS YOUNG, III,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:07-cr-00113-GRA-1)

Submitted:  November 12, 2009      Decided:  January 14, 2010

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel K. Dorsey, Washington, D.C., for Appellant. W. Walter
Wilkins, United States Attorney, E. Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before us after resentencing on remand. We earlier affirmed Joseph Louis Young, III's conviction pursuant to his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006), one count of possession with intent to distribute marijuana and crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). However, we vacated his sentence and remanded for resentencing after finding procedural error in the sentence. United States v. Young, 296 F. App'x 314 (4th Cir. 2008) (No. 08-4050).

On remand, the district court sentenced Young to 262 months' imprisonment. Young filed a timely notice of appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he has found no meritorious issues for appeal but argues that the district court constructively amended the indictment. In his pro se supplemental brief, Young challenges the validity of his guilty plea and alleges ineffective assistance of appellate counsel.

We find the issue raised by counsel and Young's pro se challenge to his guilty plea to be foreclosed by the mandate rule. The mandate rule bars "relitigation of issues expressly

2

or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Because we affirmed Young's conviction in his first appeal, he may not challenge the conviction in this appeal.

In his pro se supplemental brief, Young claims that appellate counsel rendered ineffective assistance during the first appeal. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists where the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Because the record does not conclusively show that Young's counsel was ineffective, we decline to consider Young's claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Young's conviction and sentence. This court requires that counsel inform Young, in writing, of the right to petition the Supreme Court of the United States for further

3

review.  If Young requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Young.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4